UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN MICHAEL HASKEW,

    Plaintiff,

v.                                                               Case No: 8:19-cv-2976-T-36SPF

DONALD TRUMP,

    Defendant.
_____/

# **O R D E R**

This matter comes before the Court upon Plaintiff's Motion for Reconsideration [Doc. 17], filed on June 8, 2020. In the motion, Plaintiff seeks relief from the Court's Order approving his Notice of Dismissal and dismissing the case. [Doc. 17]. Upon review, the Court concludes that Plaintiff has failed to demonstrate sufficient grounds warranting reconsideration of the Court's prior order.

This Court has previously stated that "[r]econsideration of a previous order is an extraordinary remedy," and "[a] Court will not alter a prior decision absent a showing of clear and obvious error where 'the interest of justice' demand[s] correction." *Wynne v. Cape Coral Charter Sch. Auth.*, No. 2:13-CV-172-FTM-38DNF, 2013 WL 12169481, at *1 (M.D. Fla. Oct. 25, 2013) (first citing *Ludwig v. Liberty Mutual Fire Insur. Co.*, 2005 WL 1053691 at *3 (M.D. Fla, 2005); then citing *Prudential Securities, Inc. v. Emerson,* 919 F.Supp. 415 (M.D. Fla. 1996)). To prevail on a motion for reconsideration, the moving party must present new facts or law of a strongly convincing nature." *Lomax v. Ruvin*, 476 F. App'x 175, 177 (11th Cir. 2012) (citing *Slomcenski v. Citibank, N.A.,* 432 F.3d 1271, 1276 n. 2 (11th Cir.2005)).

Plaintiff has failed to meet his burden of demonstrating via facts or law of a strongly convincing nature that reconsideration is required. In addition, Plaintiff has not come forward with new evidence, nor has he demonstrated that reconsideration is required to correct an error or to prevent manifest injustice. In fact, Plaintiff—who is *pro se*—merely specifies "refund $400" and incorrectly states that "[t]he [C]ourt did not deny the magistrate judge's [8] recommendation [that he] did not have to pay" his filing fees. [Doc. 17]. This is not sufficient to warrant reconsideration.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Reconsideration [Doc. 17] is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 10, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any